Respondent disbarred. Settle order on notice.

---

In the Matter of JUSTIN SAMUEL GALLAND, an Attorney, Respondent.

First Department, February 8, 1924.

Attorney and client — disciplinary proceedings — attorney suspended for three months for appropriating to his own use money paid to him to cover fees of referee and stenographer.

An attorney at law suspended from practice for three months for appropriating to his own use money paid to him for the specific purpose of paying the fees of the referee and of the stenographer in an action in which he appeared as an attorney.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*John J. O'Connell*, for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar at the June, 1892, General Term of the First Department, and was practicing in that department at the time of the acts complained of. The petition charges the respondent with misconduct as an attorney at law in that he converted to his own use moneys received by him for the purpose of paying the referee's and stenographer's fees in an action where he represented one of the parties. It appears from the evidence that in February, 1921, an action was brought by the Yankee Motor Trucking Company against one Julius V. Waldy, in which the respondent appeared for the plaintiff as attorney. A referee was appointed and a stenographer was employed and hearings were held from time to time up to July 27, 1921, when the action was settled, on which date the terms of settlement were set forth in the following stipulation signed by the respective attorneys:

" It is hereby stipulated that the above-entitled action be settled by the defendant paying the plaintiff the sum of one thousand dollars in full settlement and satisfaction of the claim herein, and $500 in full satisfaction and settlement of all costs and disbursements, fees and charges, charges for stenographic services and minutes, charges for both plaintiff and defendant. Said sum of $1500 is to be paid as follows:

" $500 July 30, 1921; $250 August 6, 1921; and a like sum of $250 on the 13th, 20th, and 27th days of August, 1921.

" Upon the full payment of the said sum of $1500 the plaintiff shall enter into a stipulation consenting that the interlocutory judgment entered herein be vacated and set aside; and also, enter into a further stipulation discontinuing this action and both said stipulations shall contain a consent that an order may be entered upon same without notice to either party; a general release shall be executed, acknowledged and delivered by the plantiff, and Mr. Frank Thompson and Joe Gigandet, to the defendant and a stipulation shall also be entered into vacating the order of arrest heretofore made."

Payments to the respondent were made by the attorneys for the defendant as follows: July 30, 1921, $500; August 6, 1921.

4

First Department February, 1924.      [Vol. 208

$250; August 13, 1921, $250; September 13, 1921, $100; September 21, 1921, $100; October 5, 1921, $200.

Upon the date of the stipulation of settlement, July 27, 1921, nothing had been paid to the referee on account of his fees, fixed by him at $150, and but $100 had been paid to the stenographers on account of their bills, amounting to about $293. No further payments were made by the respondent to the stenographers nor to the referee until after the first hearing before the official referee November 9, 1922. A few days before the session of November 23, 1922, the referee received from the respondent $50 on account and the stenographers' firm received $100 more. After the testimony was closed, the proceeding, at respondent's request, was permitted to remain open for a few days during which interim the respondent made final settlements with the referee and stenographers. It, therefore, appears that on October 5, 1921, the respondent had received $1,400. The $100 difference between the $1,500 called for by the stipulation for settlement, and the $1,400 received, was withheld by the attorneys for defendant to guard against the contingency of the respondent failing to pay the stenographers for the copy of minutes furnished to them, which by the terms of settlement was to be paid for by the respondent out of the $1,500.

It also appears that the respondent having failed to pay this amount, the attorneys for the defendant sent a check for $65, the amount remaining unpaid, directly to the stenographers. It will be noted that on September 21, 1921, $1,200 had been received by the respondent, and on October fifth $1,400 had been received. The stenographer testified that in the fall of 1921 and after October first, when he called on the respondent, the respondent informed him that he had collected $650 on account of the settlement, that he was waiting for the balance, and that he did not wish to pay out any more money until he got the balance, and that he was making every effort to collect it. It is also in the evidence that on the twentieth of December the referee wrote to the respondent:

"*In re Yankee Motor Trucking Corporation* v. *Waldy*. I have been waiting for some time to hear from you in reference to my fee and the fees of the stenographer in the above entitled matter. I understand that you have made a settlement and have retained moneys to cover your own fees. It would seem to me that under the circumstances you should immediately dispose of the matter of my fee and that of the stenographer. Will you kindly communicate with me at your earliest convenience."

And the referee testifies that he had received no written reply to that letter, but that Mr. Galland called him on the telephone

about that time and stated the matter was still in the same situation, that either one or some of the notes had not been paid, and when they were paid that he would take care of the stenographer's fees and his fees.

The transcript of the respondent's bank account shows that the various sums received by the respondent under the stipulation agreement were deposited by him to his account and almost immediately drawn upon by him. On October 6, 1921, the day after the last installment was received and deposited, his bank balance had been reduced to the sum of $239.39. At that time $1,400 had been received by him. It should be noted that the charges in this matter do not relate to the disposition by the respondent of the entire sum of $1,500 agreed to be paid under the settlement agreement, nor is there any claim made by the respondent's client, because it appears that the client authorized him to retain the moneys paid, outside of the amounts due to the referee and stenographer, as compensation for professional services theretofore rendered by the respondent to the said client. It has to do solely with the failure to pay over the amounts due to the referee and stenographer, which under the stipulation were to be paid out of the sums collected. The learned official referee, who saw and heard the witnesses, has given full credence to the testimony of the referee and stenographer, and has found the respondent guilty of misconduct as an attorney. The testimony establishes that the respondent unreasonably and improperly delayed the payment of these fees, converted the amount thereof to his own use and made untrue statements to the effect that he had not received them, and did not pay the sums due until after the institution of this proceeding but before it was finally concluded before the official referee. Payment under such circumstances does not constitute condonation of the offense. There is no substance to the defense urged, namely, that under the stipulation the amounts due to the referee and stenographer were not due until the payment of the entire sum due under the stipulation. The respondent did not hesitate to apply the moneys as received immediately to his own use, and his untrue statement long after he had received all but $100 of the $1,500 required to be paid, that the settlement had not been consummated, establishes the disingenuousness of his present claim.

It seems clear that his personal necessities and not his interpretation of the written stipulation furnish the reason for the appropriation to his own use of the moneys due to the referee and stenographer. We approve of the finding of the learned official referee. This court wishes to emphasize the proposition that it

has little patience with those of its officers who convert to their own use either the money of their clients or moneys deposited with them for specific purposes; and also that disciplinary proceedings are not instituted for collection purposes, and that restitution is not condonation.

Taking into consideration the letters testifying to respondent's general character and the other matters submitted to us, urged upon us in amelioration of punishment, we think the ends of justice will be satisfied by suspending the respondent from practice for the term of three months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions to be incorporated in the order to be entered hereon.

DOWLING, FINCH, MCAVOY and MARTIN, JJ., concur.

Respondent suspended for three months. Settle order on notice.